**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| ARMANDO AGUILAR, et al., on behalf of themselves and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>USAA GENERAL INDEMNITY CO., et al.,<br><br>　　　　　　Defendants. | Case No.: 6:19-cv-00866-CEM-EJK |

**USAA GENERAL INDEMNITY CO.'S RULE 12(b)(1)
MOTION TO DISMISS COUNT TWO OF THE AMENDED
COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendant USAA General Indemnity Co. moves to dismiss Plaintiff Gracie Baxter's nationwide class allegations set forth as Count Two of the Amended Complaint for Lack of Subject Matter Jurisdiction.[1] In short, Baxter lacks standing to assert a nationwide class.

**I.　INTRODUCTION**

Baxter is a Florida resident who purchased a Florida insurance policy from USAA GIC. Baxter's policy included supplemental Car Replacement Assistance ("CRA") coverage. This optional endorsement pays an additional 20% of the actual cash value ("ACV") in the event her vehicle is a total loss.

Baxter notes that under Florida law, sales tax must be included in ACV. She further claims that USAA GIC failed to include sales tax when it calculated CRA. Accordingly, she reasons that this purported miscalculation was also a violation of Florida law.

---

[1] Count Two of the Amended Complaint is asserted only by Plaintiff Gracie Baxter against USAA GIC.

Baxter then asserts that this miscalculation resulted in an underpayment of her CRA by an amount equal to 20% of the sales tax on her totaled vehicle. Critically, the Complaint alleges that Baxter suffered this injury-in-fact in Florida.

Baxter believes these questions regarding the application of **Florida insurance law** to a **Florida injury-in-fact** somehow support a viable **nationwide** class action against USAA GIC. There are numerous reasons why she is wrong.

**First**, Baxter lacks standing to assert nationwide claims because she suffered no injury-in-fact outside of Florida. Federal courts repeatedly hold that an injury in-fact in one state does not give standing for class action claims arising under the laws of other states. Baxter's Florida injury is simply irrelevant to insurance claims under the laws of a different state.

**Second**, state law variation precludes standing on a nationwide basis in this case. Insurance coverage is a quintessential state law question. States vary substantially as to whether sales tax is included in determining ACV. Baxter's assertion that **Florida law** requires inclusion of sales tax in her CRA payment has no bearing on the laws in **other states**. Federal courts routinely hold that a named plaintiff lacks standing to assert a nationwide class under these circumstances.

Standing is the threshold inquiry in every federal case. Plaintiff's Florida injury, giving rise to a Florida claim, cannot satisfy these basic jurisdictional requirements in any other states. Accordingly, the nationwide class action claims should be dismissed for lack of subject matter jurisdiction.

## II.    FACTS

On or about March 22, 2017, Baxter was involved in a motor vehicle accident that rendered her vehicle a total loss. *See* Am. Compl. ¶¶ 41-43. At the time of the accident, her vehicle was insured by USAA GIC. Am. Compl. ¶ 42. Baxter also held CRA coverage. *Id*. Under this

optional endorsement, USAA GIC promises to pay "an additional 20% of the actual cash value at the time of the total loss." Am. Compl. Ex. G, Page ID 312.

Plaintiff notes that as a matter of Florida law, insurers must include sales tax in ACV. *See* Am. Compl. at ¶¶ 47; 50; 53; 65-67. She further contends that USAA GIC failed to include sales tax in ACV when it calculated the amount of CRA coverage. Am. Compl. at ¶¶ 68-72. Critically, Plaintiff does not allege that the written terms of the policy defines ACV to include sales tax. Nor does she claim that the CRA endorsement specifies that sales tax is included in the calculation. Rather, she contends that USAA GIC miscalculated her CRA coverage because it misapplied Florida law. Am. Compl. at ¶¶ 47; 50; 72.

Based on these allegations, she seeks to certify a class including all individuals who: (a) on or after July 12, 2014; (b) are or were covered by a USAA GIC private passenger auto physical damage policy; (c) made a first-party claim under the Collision or Comprehensive coverage of that policy with CRA Coverage for a total loss to a covered vehicle; (d) which USAA GIC treated as a total loss with CRA coverage; and (e) USAA GIC subtracted sales tax prior to calculating the additional 20% CRA amount for the total loss settlement paid to the insured. Am. Compl. ¶ 78. This putative class is not limited to Florida residents but, rather, includes Defendant's insureds nationwide. *Id*.

### III. LAW AND ANALYSIS

#### A. Standard of Review

A Federal Rule of Civil Procedure 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may address a plaintiff's lack of standing. *Guerro v. Target Corp.*, 889 F.Supp.2d 1348, 1352 (S.D. Fla. 2012) (citing *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("Because standing is jurisdictional, a dismissal for lack of standing has the

same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).") (internal quotations omitted)).

Whether a named plaintiff lacks standing to assert claims on behalf of a nationwide class is properly considered on a motion to dismiss, prior to class certification. *See, In re Checking Account Overdraft Litigation*, 694 F. Supp. 2d 1302, 1325 (S.D. Fla. 2010); *Phillips v. Hobby Lobby Stores, Inc.*, 2016 U.S. Dist. LEXIS 195621, *8-9 (N.D. Ala. Oct. 21, 2016). Determining standing at a threshold stage prevents "named plaintiffs with no injuries in relation to the laws of certain states referenced in their complaint to embark on lengthy class discovery with respect to injuries in potentially every state in the Union." *In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 152-156 (E.D. Pa. 2009). Because this motion is a facial attack on standing, this Court should only consider the allegations in the complaint and any attached exhibits. *Stalley*, 524 F.3d at 1232-1233.

**B.  Standing is a Threshold Inquiry.**

The Supreme Court has repeatedly held that standing is a threshold jurisdictional question that is distinct from Rule 23's class action requirements. *See O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). "That a suit may be a class action … adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong, and which they purport to represent.'" *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (quoting *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 40, n.20 (1976)).

When attempting to proceed on behalf of a putative class, "it is not enough that a named plaintiff can establish a case or controversy between himself and the defendant by virtue of having standing as to just one of many claims he wishes to assert." *Griffin v. Duggar*, 823 F.2d 1476, 1483 (11th Cir. 1987). "[E]ach claim must be analyzed separately, and a claim cannot be asserted

on behalf of a class unless at least one named plaintiff has suffered the injury that gives rise to the claim." *Id.*

In this case, Baxter's factual allegations set forth a claim under Florida law seeking recovery for a Florida injury. *See* Am. Compl. at ¶¶ 47; 50; 65; 72. The Complaint then presumes that such allegations can support a nationwide class. *See id.* at ¶¶ 78; 119. But this is not sufficient under federal law and the Constitution. Rather, she must establish standing for each claim asserted in the nationwide class. As demonstrated below, she cannot.

### C. Plaintiff Lacks Standing to Assert Claims on Behalf of a Putative Class Outside of Florida.

The irreducible constitutional minimum to standing is injury-in-fact. *See Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560-61 (1992). Allegations supporting injury-in-fact must be concrete, particularized, and actual or imminent. *See Nicklaw v. Citimortgage, Inc.*, 839 F.3d 998, 1002 (11th Cir. 2016) (dismissing for lack of standing).

Eleventh Circuit courts routinely recognize that allegations a plaintiff suffered injuries in one state cannot support injury-in-fact in another state. *See Feldman v. BRP United States, Inc.*, 2018 U.S. Dist. LEXIS 53298, *19 (S.D. Fla. Mar. 28, 2018) (plaintiff alleged injury only under Florida law; no injury-in-fact in other states). This is especially true where a plaintiff's claims arise under state law, and her injury-in-fact depends on an application of those state law claims. *See Renzi v. Demilec (USA), LLC*, 2013 U.S. Dist. LEXIS 172641, *8 (S.D. Fla. Dec. 9, 2013)(injuries arose under Florida consumer laws; no injury to support standing under the consumer laws of other states); *Phillips,* 2016 U.S. Dist. LEXIS 195621 at *8-9 (it was "evident from the complaint that the plaintiffs have not experienced an injury that may be redressed via the laws of any state other than Alabama").

5

Many other federal courts reject for lack of standing class claims asserting state law violations because no named plaintiff resides or suffers injury in those other states. *See, e.g., In re Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 923-924 (N.D. Ill. 2009) (plaintiffs resided in five states; class claims asserting violations in forty-three other states dismissed for lack of standing); *Thomas v. Metro Life Ins. Co.*, 540 F. Supp. 2d 1212, 1226 (W.D. Okla. 2008) (claims brought by Oklahoma and New York plaintiffs alleging class claims under laws of forty other states; "the court's analysis requires dismissal of any state law claims alleged under the laws of any states where a particular named plaintiff is not a resident"); *Smith v. Pizza Hut*, 2011 U.S. Dist. LEXIS 76793, *31 (D. Colo. July 14, 2011) (Colorado plaintiff asserted class claims based on employment law in seventeen states; no standing to assert claims outside Colorado because plaintiff had never worked or resided in those states).

*In re Terazosin Hydrochloride Antitrust Litig.*, 160 F. Supp. 2d 1365, 1371 (S.D. Fla. 2001) is instructive. There, plaintiffs sought to represent purchasers of the drug terazosin, alleging price fixing violations under eighteen different state laws. *Id*. at 1370. However, named plaintiffs only resided in or purchased the drug in eight states. *Id*. Nonetheless, they argued their injuries were sufficient to support standing in the remaining ten states because unidentified class members had suffered the same injury. *Id*. at 1370-71. The district court disagreed:

> [N]amed plaintiffs cannot rely on unidentified persons within those states to state a claim for relief. Class allegations that others suffered injuries giving rise to claims add … nothing to the question of standing.

*Id*. at 1371. Accordingly, the Court dismissed the class allegations for states in which named plaintiffs had not alleged any injury-in-fact. *Id*.

This essential holding was recently reiterated in *In re Takata Airbag Prods. Liab. Litig.*, 2016 U.S. Dist. LEXIS 195099 (S.D. Fla. Mar. 10, 2016). There, Florida plaintiffs had purchased

defective airbags, asserted claims under Florida's Deceptive Trade Practices Act ("DTPA"), and sought to represent class members in 28 other states under those respective state's DTPA. *Id.* at *1. However, because named plaintiffs were Florida residents and purchased vehicles in Florida, they only alleged injury-in-fact in Florida. *Id*. The Court dismissed the non-Florida claims stating "[a] named plaintiff lacks standing to assert legal claims on behalf of a putative class pursuant to state law under which the named plaintiff's own claims do not arise." *Id*. at *4.

These principles require dismissal here. Baxter is a Florida resident and her alleged injury occurred in Florida. Am. Compl. ¶ 12. She asserts that USAA GIC miscalculated her CRA payment because sales tax must be included in ACV, and her CRA payment is 20% of that ACV amount. But there is nothing in the policy that defines ACV or CRA to include sales tax. Rather Baxter's claim hinges on an application of **Florida** law. Am. Compl. at ¶¶ 47, 50. Said differently, her Florida injury-in-fact is simply not relevant to whether she, or any absentee class member, suffered a cognizable injury in Georgia, California, Texas, or any other state.

Accordingly, Baxter lacks standing to assert claims on behalf of non-Florida class members and the nationwide class must be dismissed.

**D.   Many States Do Not Require an Insurer to Pay Sales Tax As Part of ACV.**

State law variation underlines the necessity of establishing injury-in-fact in each respective state. Baxter does not allege that state insurance law requires sales tax to be included in the calculation of ACV nationwide. Rather, Baxter's nationwide class action allegations requires this Court to determine that each of the fifty states mandates an insurer to include sales tax as part of ACV.

But a cursory review demonstrates that no uniform standard exists. Whether sales tax is included as part of ACV is a state specific inquiry dependent on variables that are different state-to-state. For example, courts have determined that the statutory definition of "ACV" in Illinois ,

7

Louisiana, Michigan, and Texas law does not include sales tax. *See, e.g., Coleman v. Garrison Prop. & Cas. Ins. Co.*, 2019 U.S. Dist. LEXIS 127940, *8 (N.D. Ill. July 31, 2019); *Clark v. Clarendon Ins. Co.*, 841 So. 2d 1039, 1046 (La. App. 2003); *Lewis v. Horace Mann. Ins. Co.*, 410 F. Supp. 2d 640, 660 (N.D. Ohio 2005) (finding that the "statutory definition of actual cash value (ACV) in Michigan Comp. Laws § 257.217c does not include tax); *Singleton v. Elephant Insurance Co.*, 6:19-cv-00200-ADA-JCM, slip op. at 9 (W.D. Tex. May 10, 2019) (Attached hereto as Exhibit A.).

Other states require an insurer to pay for sales tax on a total loss claim only *after* the insured has purchased or leased a replacement vehicle, often requiring proof of purchase within 33 days. *See, e.g.*, Ill. Admin. Code. Tit. 50, § 919.80(c)(3)("If the insured cannot substantiate such purchase and payment of such taxes and fees, by submission to the company of appropriate documentation within 33 days after the receipt of settlement, the company shall not be required to reimburse the insured for the sales taxes or transfer or title fees); Hawaii Rev. Stat. § 431:10C-312 (33 days); 34 Texas Admin Code § 3.62.

And Missouri allows its residents to present a Sales Tax Credit Affidavit from the insurance company which, when presented to the Department of Motor Vehicles, exempts the insured from paying sales tax on the replacement vehicle. *See*, MO Rev. Stat. § 144.190.4(2) and Missouri Dept of Revenue Form 426.

Finally, Alaska, Delaware, Montana, New Hampshire and Oregon have no sales tax, and therefore an insurer would have no requirement to include sales tax in ACV. *See,* http://www.tax.alaska.gov/programs/programs/index.aspx?10002; https://revenue.delaware.gov/business-tax-forms/doing-business-in-delaware/step-4-gross-receipts-taxes/?referrer&lastReferrer=trustfile.avalara.com; https://mtrevenue.gov/taxes/general-

sales-tax/;https://www.revenue.nh.gov/faq/general-information.htm#salestax; https://www.oregon.gov/DOR/Pages/sales-tax.aspx.

Simply put, Baxter's Florida injury-in-fact is irrelevant to how CRA coverage is calculated in Illinois, Missouri, Alaska, or any other state. Would a plaintiff have presented her proof of purchase within 33 days? Would a plaintiff have satisfied the statutory exemption to sales tax in Missouri? Would there be some other basis for sales tax in Alaska? We don't know, because none of these injuries in fact in those states have been alleged.

Baxter cannot simply dodge these myriad state law differences, and duck the constitutional prerequisite of injury-in-fact, by summarily alleging a nationwide class is permissible. Yet conclusory pleading is all she has to offer.

Accordingly, Baxter's nationwide class action claims must be dismissed.

### IV.   CONCLUSION

For these reasons, Defendant USAA GIC respectfully submits that this Court should grant this Motion, and dismiss the nationwide class alleged in Count Two with prejudice.

Respectfully submitted,

*/s/ Rodger L. Eckelberry*
Michael S. Vitale
Florida Bar No. 17136
**BAKER HOSTETLER LLP**
2300 SunTrust Center
200 South Orange Avenue
Post Office Box 112
Orlando, Florida 32802-0112
T:  407-649-4083
F:  407-841-0168
mvitale@bakerlaw.com

Rodger L. Eckelberry (admitted *pro hac vice*)
Albert G. Lin (admitted *pro hac vice*)
alin@bakerlaw.com
Andrea C. Wiltrout (admitted *pro hac vice*)
awiltrout@bakerlaw.com
Alexa E. Cellier (admitted *pro hac vice*)
acellier@bakerlaw.com
**BAKER HOSTETLER LLP**
200 S. Civic Center Drive, 12th Floor
Columbus, OH  43215
T:  614.462.4732
F:  614.462.2616

*Attorneys for Defendants*
*United Services Automobile Association and*
*USAA General Indemnity Co.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2020, I electronically filed the foregoing via the Court's CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ Rodger L. Eckelberry